IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN A. SULLIVAN** and **CATHERINE D. SULLIVAN,** | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Cause No. 2019-cv-52<br>) |
| **ABIDRASHID BARRE MOHAMED** and **FAF, Inc.,** a Tennessee Corporation, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### COMPLAINT WITH JURY DEMAND

NOW COME Plaintiffs John A. Sullivan and Catherine D. Sullivan, by and through their attorney, Ronald E. Osman of Ronald E. Osman & Associates, Ltd., and for the Complaint against Abdirashid Barre Mohamed and FAF, Inc., a Tennessee Corporation, state as follows.

### PARTIES AND JURISDICTION

1) Plaintiffs John A. Sullivan and Catherine D. Sullivan (collectively the "Plaintiffs" and individually as Plaintiff "John" and Plaintiff "Catherine" respectively) are and were at all time relevant to this action citizens of the State of Illinois, being residents of Anna, Union County, Illinois.

2) Defendant Abdirashid Barre Mohamed ("Defendant Mohamed") is and was at all times relevant to this action a citizen of the State of Ohio, being a resident of Gahanna, Franklin County, Ohio.

3) Defendant FAF, Inc. ("Defendant FAF") is and was at all times relevant to this action a citizen of Tennessee being a corporation organized and existing under the

laws of the State of Tennessee, SOS Control #000343474, with its principal place of business located in Greeneville, Tennessee.

4) Defendant FAF is engaged in the business of expedited surface shipping throughout the United States by use of semi-trucks, including the State of Illinois.

5) At all times relevant hereto, Defendant Mohamed was employed by Defendant FAF, Inc. as a truck driver.

6) There is complete diversity of citizenship of the parties to this action as Plaintiffs and Defendants are citizens of different states from one another.

7) The amount in controversy exceeds $75,000.00, exclusive of costs and interest. Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8) Venue for this action is proper in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. § 1391, as the occurrence giving rise to Plaintiffs' claims occurred in this district and division.

## Automobile Accident on June 14, 2017

9) On June 14, 2017, at approximately 3:55 p.m., Plaintiff John was driving a 2008 Ford Explorer in a northbound direction on Interstate 57 in Johnson County, Illinois. Plaintiff Catherine was riding as a front seat passenger in John's vehicle.

10) At the same date and time, Defendant Mohamed was driving a 2007 Columbia 1 Freightliner on Interstate 57 in Johnson County, Illinois, in the course of his employment with Defendant FAF.

11) Defendant Mohamed's vehicle was traveling directly behind Plaintiffs' vehicle.

12) At milepost 42.5 on northbound Interstate 57, Plaintiff John slowed his vehicle as a result of vehicle backup in a construction zone.

13) Defendant Mohamed failed to similarly slow his vehicle and swerved to attempt to avoid striking Plaintiffs' vehicle in the rear. Defendant Mohamed's actions failed to prevent impact of his vehicle into the Plaintiffs' vehicle, with Defendant Mohamed's vehicle striking the left rear corner of Plaintiff's vehicle with its right front corner.

## COUNT I
### (Negligence Claim against all Defendants)

NOW COMES Plaintiff John A. Sullivan and for Count I against Defendants Abdirashid Barre Mohamed and FAF, Inc. states:

14) Plaintiff John incorporates Paragraphs 1-13 above as if fully set forth herein.

15) At the aforesaid time and place, it was the duty of Defendant Mohamed to exercise ordinary care for the safety of all persons traveling upon the roadway, including Plaintiff John.

16) At the aforesaid time and place, the vehicle operated by Defendant Mohamed collided with Plaintiffs' vehicle in breach of the duty of care which Defendant Mohamed owed to Plaintiff John.

17) At the aforesaid time and place, Defendant Mohamed negligently committed one or more of the following acts or omissions which thereby proximately caused injuries and damages to Plaintiff John:

    a) Defendant Mohamed drove the motor vehicle at a rate of speed greater than was reasonable and proper with due regard to the traffic

3

        conditions and the use of the roadway in violation of 625 ILCS 5/11-601;

    b)     Defendant Mohamed drove his vehicle too closely to Plaintiffs' vehicle in violation of 625 ILCS 5/11-710(a);

    c)     Defendant Mohamed failed to keep a proper lookout;

    d)     Defendant Mohamed failed to reduce his speed in order to avoid a collision in violation of 625 ILCS 6/11-601(a);

    e)     Defendant Mohamed failed to steer his vehicle so as to avoid a collision; and

    f)     Defendant Mohamed failed to keep his vehicle under control.

18)     As a proximate result of one or more of the negligent acts or omissions of the Defendant Mohamed, Plaintiff John:

    a)     incurred extensive injuries to his left shoulder and neck;

    b)     suffered and will suffer severe pain and anguish in body and mind;

    c)     has limited mobility;

    d)     has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

    e)     suffered and will suffer disability;

    f)     will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries;

    g)     has been, by reason of said injuries, unable to work, resulting in loss of income;

  h) will be prevented by his injuries from returning to his pre-accident employment position; and

  i) has been, by reason of said injuries, hindered and prevented from attending to his affairs and duties resulting in the inability to perform his activities of daily living.

19) As Defendant Mohamed was acting in the course of his employment with Defendant FAF at the time of his negligent actions, Defendant FAF is jointly responsible for his negligent actions.

WHEREFORE, Plaintiff John A. Sullivan prays for judgment against the Defendants Abdirashid Barre Mohamed and FAF, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of suit.

           RONALD E. OSMAN & ASSOCIATES, LTD.

           By: /s/ Ronald E. Osman
              Counsel for Plaintiffs

## COUNT II
### (Negligence Claim against all Defendants)

NOW COMES Plaintiff Catherine D. Sullivan and for Count II against Defendants Abdirashid Barre Mohamed and FAF, Inc. states

20) Plaintiff Catherine incorporates Paragraphs 1-13 above as if fully set forth herein.

21) At the aforesaid time and place, it was the duty of Defendant Mohamed to exercise ordinary care for the safety of all persons traveling upon the roadway, including Plaintiff Catherine.

22) At the aforesaid time and place, the vehicle operated by Defendant Mohamed collided with Plaintiffs' vehicle in breach of the duty of care which Defendant Mohamed owed to Plaintiff Catherine.

23) At the aforesaid time and place, Defendant Mohamed negligently committed one or more of the following acts or omissions which thereby proximately caused injuries and damages to Plaintiff Catherine:

    a) Defendant Mohamed drove the motor vehicle at a rate of speed greater than was reasonable and proper with due regard to the traffic conditions and the use of the roadway in violation of 625 ILCS 5/11-601;

    b) Defendant Mohamed drove his vehicle too closely to Plaintiffs' vehicle in violation of 625 ILCS 5/11-710(a);

    c) Defendant Mohamed failed to keep a proper lookout;

    d) Defendant Mohamed failed to reduce his speed in order to avoid a collision in violation of 625 ILCS 6/11-601(a);

    e) Defendant Mohamed failed to steer his vehicle so as to avoid a collision; and

    f) Defendant Mohamed failed to keep his vehicle under control.

24) As a proximate result of one or more of the negligent acts or omissions of the Defendant Mohamed, Plaintiff Catherine:

    a) incurred extensive injuries to her neck;

    b) suffered and will suffer severe pain and anguish in body and mind;

    c) has limited mobility;

      d)    has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

      e)    suffered and will suffer disability;

      f)    will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries; and

      g)    has been, by reason of said injuries, hindered and prevented from attending to her affairs and duties resulting in the inability to perform her activities of daily living.

25)    As Defendant Mohamed was acting in the course of his employment with Defendant FAF at the time of his negligent actions, Defendant FAF is jointly responsible for those negligent actions.

WHEREFORE, Plaintiff Catherine D. Sullivan prays for judgment against the Defendants Abdirashid Barre Mohamed and FAF, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of suit.

                                  RONALD E. OSMAN & ASSOCIATES, LTD.

                                  By:   /s/ Ronald E. Osman
                                        Counsel for Plaintiff

## **COUNT III**
## **(Negligence Claim against FAF, Inc.)**

NOW COMES Plaintiff John A. Sullivan and for Count III against Defendant FAF, Inc. states:

26)    Plaintiff John incorporates Paragraphs 1-13 above as if fully set forth herein.

27) At the aforesaid time and place, it was the duty of Defendant FAF to insure its vehicles were safe for operation upon the roadway for safety of all persons traveling there upon, including Plaintiff John.

28) At the aforesaid time and place, the brakes on the Defendant FAF vehicle operated by Defendant Mohamed were not in proper working order.

29) At the aforesaid time and place, Defendant FAF negligently committed one or more of the following acts or omissions, which thereby proximately caused injuries and damages to Plaintiff John:

    a) Defendant FAF placed an unsafe vehicle on the roadway in violation of 49 CFR §396.7;

    b) Defendant FAF failed to maintain its vehicle in safe and proper operating condition in violation of 49 CFR §396.3; and

    c) Defendant FAF failed to keep the brakes on its vehicle in proper working order in violation of 49 CFR §399.48.

30) As a proximate result of one or more of the negligent acts or omissions of the Defendant FAF, Plaintiff John:

    a) incurred extensive injuries to his left shoulder and neck;

    b) suffered and will suffer severe pain and anguish in body and mind;

    c) has limited mobility;

    d) has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

    e) suffered and will suffer disability;

    f)    will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries;

    g)    has been, by reason of said injuries, unable to work, resulting in loss of income;

    h)    will be prevented by his injuries from returning to his pre-accident employment position; and

    i)    has been, by reason of said injuries, hindered and prevented from attending to his affairs and duties resulting in the inability to perform his activities of daily living.

WHEREFORE, Plaintiff John A. Sullivan prays for judgment against Defendant FAF, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs of suit.

RONALD E. OSMAN & ASSOCIATES, LTD.

By: /s/ Ronald E. Osman
Counsel for Plaintiffs

## COUNT IV
### (Negligence Claim against FAF, Inc.)

NOW COMES Plaintiff Catherine D. Sullivan and for Count IV against Defendant FAF, Inc. states:

31)    Plaintiff Catherine incorporates Paragraphs 1-13 above as if fully set forth herein.

32)    At the aforesaid time and place, it was the duty of Defendant FAF to insure its vehicles were safe for operation upon the roadway for safety of all persons traveling there upon, including Plaintiff Catherine.

33) At the aforesaid time and place, the brakes on the Defendant FAF vehicle operated by Defendant Mohamed were not in proper working order.

34) At the aforesaid time and place, Defendant FAF negligently committed one or more of the following acts or omissions, which thereby proximately caused injuries and damages to Plaintiff Catherine:

    a) Defendant FAF placed an unsafe vehicle on the roadway in violation of 49 CFR §396.7;

    b) Defendant FAF failed to maintain its vehicle in safe and proper operating condition in violation of 49 CFR §396.3; and

    c) Defendant FAF failed to keep the brakes on its vehicle in proper working order in violation of 49 CFR §399.48.

35) As a proximate result of one or more of the negligent acts or omissions of the Defendant Mohamed, Plaintiff Catherine:

    a) incurred extensive injuries to her neck;

    b) suffered and will suffer severe pain and anguish in body and mind;

    c) has limited mobility;

    d) has been obliged to and did expend and become liable directly for large sums of money in an endeavor to be cured of said injuries;

    e) suffered and will suffer disability;

    f) will continue to expend and become liable for large sums of money in the future in an endeavor to be cured of said injuries; and

      g)      has been, by reason of said injuries, hindered and prevented from attending to her affairs and duties resulting in the inability to perform her activities of daily living.

WHEREFORE, Plaintiff Catherine D. Sullivan prays for judgment against Defendant FAF, Inc. in an amount in excess of Seventy- Five Thousand Dollars ($75,000.00) plus costs of suit.

                                            RONALD E. OSMAN & ASSOCIATES, LTD.

                                            By:   /s/ Ronald E. Osman
                                                     Counsel for Plaintiffs

## **Demand for Jury Trial**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial.

                                            RONALD E. OSMAN & ASSOCIATES, LTD.

                                            By:   /s/ Ronald E. Osman
                                                     Counsel for Plaintiffs

Ronald E. Osman #3123542
Ronald E. Osman & Associates, Ltd.
1602 W. Kimmel/P.O. Box 939
Marion, IL  62959
Telephone: (618) 997-5151
Facsimile (618) 997-4983
E-mail: rosman@marion.quitamlaw.com